```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


ANDY'S RESTAURANT & LOUNGE,      )
INC.; RUSBEN CORP. d/b/a         )
TRUCKERS WORLD BOOK & VIDEO      )
STORE; HUMBERTO V. RUIZ d/b/a    )
CLUB TOPS LOUNGE,                )
                                 )
          Plaintiffs             )
                                 )
     v.                          )   Case No. 2:01 cv 327
                                 )
CITY OF GARY,                    )         (Consolidated)
                                 )           2:01 cv 397
          Defendant              )           2:01 cv 525
*****************************    )
                                 )
PANDORAS SHOWCLUB; K.K.S., INC.  )
d/b/a VARIETY VIDEO; J.A.        )
SALES, INC. d/b/a VIDEO HEAVEN;  )
TERRENCE L. CROSSLEY d/b/a       )
JOKERS CLUB; PLAYERS CLUB; and   )
CORVETTE CLUB,                   )
                                 )
          Intervenors            )
```

<u>ORDER AND OPINION</u>

This matter is before the court on the Emergency Motion for Stay Pending Appeal filed by the plaintiffs, Andy's Restaurant & Lounge, Inc., Rusben Corporation d/b/a Trucker's World Book & Video Store, and J.A. Sale, Inc., d/b/a Video Heaven, on August 24, 2005.  For the reasons set forth below, the motion is **DENIED**.

<u>Background</u>

On December 19, 2000, the City of Gary enacted Ordinance No. 2000-83, which provided for the licensing and regulation of sexually oriented businesses.  The plaintiffs, which are adult entertainment businesses, filed three suits to enjoin the enforcement of this ordinance.  After removal of two suits to

federal court and consolidation, the court entered an agreed temporary restraining order suspending enforcement of the Ordinance on October 16, 2001, and agreed preliminary injunctions on December 27, 2001 and February 1, 2002.

After five extensions of the discovery deadline, four extensions of the dispositive motion deadline, and three extensions of the briefing deadlines on the City of Gary's motion for summary judgment, this matter finally was fully briefed on September 28, 2004, three years after the entry of the temporary restraining order.  Despite this length of time, only the three video store plaintiffs that have filed this motion answered the defendant's motion for summary judgment.

On March 31, 2005, this court granted summary judgment in favor of the City and dissolved the injunctions entered in this case.  In April 2005, the plaintiffs filed notices of appeal but did not move to reinstate the injunctions.  On July 25, 2005, the plaintiffs learned that the City of Gary would begin enforcement of the ordinance within 30 days.  Thus, on August 24, 2005, exactly 30 days after July 25, 2005 and four months after filing their notices of appeal, the plaintiffs filed this "emergency" motion to restore the injunctions pending appeal.  A response brief was filed on August 27, 2005 and no reply has been filed.  The time having expired for the filing of a reply, the court considers the motion fully briefed.

Discussion

Typically, the filing of an appeal divests the trial court of jurisdiction.  *Griggs v. Provident Consumer Discount Company*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982).  *See also Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir. 1980).  However, Federal Rule of Civil Procedure 62 creates an exception to this general rule by allowing the trial court to retain jurisdiction in order to "suspend, modify, restore, or grant an injunction during the pendency of the appeal."  *See* Rule 62(c); *Robbins v. Pepsi-Cola Metropolitan Bottling Company*, 800 F.2d 641, 643-44 (7th Cir. 1986); *Hasham v. California State Board of Equalization*, No. 96 C 3326, 1998 WL 887083, at *1 (N.D. Ill. Dec. 11, 1998).  The court's decision to restore an injunction pending appeal is discretionary.  *See* Rule 62(c).

The standard for restoring a preliminary injunction under Rule 62, though similar to that for issuing an injunction in the first instance under Rule 65, places a higher burden upon the movant than required by Rule 65.  *Compare Roland Machinery Company v. Dresser Industries, Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) (concluding that the movant must show only "some likelihood of success on the merits" under Rule 65, which means the movant's chances of succeeding must be "better than negligible.") *with Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987) (stating that Rule 62 requires a "strong showing" that the movant will succeed on appeal).  *See also City of Highland Park v. Train*, 374 F.Supp. 758, 773-74 (N.D. Ill.

1974); Wright, Miller & Kane, 11 *Federal Practice and Procedure*, ß2904, at 501-505 (2d ed. 1995).  Under Rule 65, the court must consider:

> (1) whether the [movant] has made a strong showing that he is likely to succeed on the merits; (2) whether the [movant] will be irreparably injured absent [the injunction]; (3) whether issuance of the [injunction] will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.
>
> *Hilton*, 481 U.S. at 776, 107 S.Ct. at 2199

*See also* 11 *Federal Practice and Procedure* ß2904, at 502-03 ("A stay will be granted if the balance of equities favors this action and when the moving party can demonstrate a substantial likelihood of success on the merits upon appeal.").  However, "[b]ecause the burden of meeting this standard is a heavy one, more commonly stay requests will not meet this standard and will be denied."  11 *Federal Practice and Procedure* ß2904, at 503-05.

The plaintiffs make three arguments in support of restoring the injunctions dissolved by this court.  First, the plaintiffs argue that the preamble language of the ordinance shows that the ordinance is content-based.  Second, the plaintiffs argue that the open booth and hours provisions in the ordinance significantly impact the nature of the communication itself.  The plaintiffs cite no new law in support of these arguments, which were the same arguments raised by the plaintiffs and extensively discussed by this court in the March 31, 2005 Opinion.  Rather than reiterating the analysis contained in that 39 page Order,

4

the court simply incorporates the reasoning in that opinion to reject the plaintiffs' arguments here.  The court further notes that in view of longstanding, consistent Supreme Court and Seventh Circuit precedent that directly contradicts the plaintiffs' position here, the plaintiffs' claims are totally meritless.  *See, e.g.,* **City of Los Angeles v. Alameda Books, Inc.**, 535 U.S. 425, 122 S.Ct. 1728, 152 L.Ed.2d 670 (2002); **City of Erie v. Pap's A.M.**, 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000); **Renton v. Playtime Theaters, Inc.**, 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986); **G.M. Enterprises, Inc. v. Town of St. Joseph, Wisconsin**, 350 F.3d 631 (7th Cir. 2003), *cert. denied* ___ U.S. ___, 125 S.Ct. 49, 160 L.Ed.2d 16 (2004); **Pleasureland Museum, Inc. v. Buetter**, 288 F.3d 988 (7th Cir. 2002); **Matney v. County of Kenosha**, 86 F.3d 692, 695 (7th Cir. 1996).  Thus, the plaintiffs have failed to make any showing, let alone the "strong showing" necessary under Rule 62(c), that they will succeed on these claims on appeal.

The plaintiffs' third argument, that a two-page affidavit from the owner of Trucker's World shows that the ordinance prevents "a large percentage of persons wishing to receive constitutionally protected expression" from doing so, is equally without merit.  (*See* Motion, p. 7) However, because the court's discussion of this affidavit was comparatively brief in the March 31, 2005 Order, the court more fully explains why the plaintiffs have failed to make a strong showing of success on the merits here.

The plaintiffs originally offered the affidavit, which sets forth a charge of sales broken down by month, in the context of the evidentiary burden-shifting test "for demonstrating a connection between speech and a substantial independent government interest." *Alameda*, 535 U.S. at 438, 122 S.Ct. at 1736. The affidavit was the only evidence offered by the plaintiffs to rebut the City of Gary's evidence in support of its secondary-effects rationale for enacting the ordinance. Under *Alameda*, this affidavit had to cast "direct doubt" on the City's rationale by being "directly contrary to the municipality's evidence" in order to shift the burden back to the City to renew its theory justifying the ordinance. *City of Elko v. Abed*, 677 N.W.2d 455, 465 (Minn. App. 2004). *See also Alameda*, 535 U.S. at 438-39, 122 S.Ct. at 1737; *G.M. Enterprises*, 350 F.3d at 639. This court rejected the affidavit because it only attested to the financial impact of the ordinance, which the Supreme Court states is irrelevant to the First Amendment inquiry. *See Young v. American Mini Theaters, Inc.*, 427 U.S. 60, 78, 96 S.Ct. 2440, 2456, 49 L.Ed.2d 310 (1976) ("The inquiry for First Amendment purposes is not concerned with economic impact.").

Now, the plaintiffs argue that the affidavit proves that the open booth requirement and limitations on the hours of operations actually limits the *number* of people who can access the protected communication, rather than simply the time and manner in which people can access it. (Motion, p. 7) First, the court notes that the affidavit says nothing whatsoever regarding the number of

6

people using Trucker's World, nor does it offer a comparison of usage rate in relation to hours of operation before or after Trucker's World's compliance with the ordinance.  The affidavit simply attests to lost sales during the affected months, which is not a factor in the analysis.  *See* **Young**, 427 U.S. at 78, 96 S.Ct. at 2456 ("The constraints of the ordinance . . . may create economic loss for some who are engaged in the business.  But in this respect they are affected no differently from any other commercial enterprise that suffers economic detriment as a result of land-use regulation."); **Matney v. County of Kenosha**, 887 F.Supp. 1235, 1240 (E.D. Wis. 1995), *aff'd* 86 F.3d 692 (7th Cir. 1996).

Second, the case on which the plaintiffs rely to argue that the City of Gary ordinance unconstitutionally restricts the access of people to protected communication, **United States v. Playboy Entertainment Group, Inc.**, 529 U.S. 803, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000), is totally distinguishable from this case.  In **Playboy**, a law prohibited cable television operators from transmitting sexually oriented programming except between 10 p.m. and 6 a.m.  529 U.S. at 806, 120 S.Ct. at 1882.  Because the law defined the restricted speech by its content, it was a content-based regulation subject to strict scrutiny.  *See* **Playboy**, 529 U.S. at 811-13, 120 S.Ct. at 1885-86.

Here, the parties did not dispute that the booth and business hour requirements were neutral time, place, and manner restrictions, which are subject to intermediate scrutiny.  *(See*

7

March 31, 2005 Order, pp. 11-12) The **Playboy** court explicitly stated that the law pertaining to the two types of regulations must be distinguished.  According to the Court, zoning cases such as those which govern the analysis of the City of Gary ordinance "are irrelevant to the question here.  We have made clear that the lesser scrutiny afforded regulations targeting the secondary effects of crime or declining property values has no application to content-based regulations targeting the primary effects of protected speech."  529 U.S. at 815, 120 S.Ct. at 1887.  For these reasons, the court finds that the plaintiffs have failed to show any likelihood of success on the merits with respect to their third argument as well.

_____

For the foregoing reasons, the Emergency Motion for Stay Pending Appeal filed by the plaintiffs, Andy's Restaurant & Lounge, Inc., Rusben Corporation d/b/a Trucker's World Book & Video Store, and J.A. Sale, Inc., d/b/a Video Heaven, on August 24, 2005 is **DENIED**.

ENTERED this 3rd day of October, 2005


                                       s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge